# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In Re:

Robert Glen and Karen Jean Glen,                                    Chapter 7 Bankruptcy

       Debtors.                                                         BKY File No. 08-32860-DDO
                                                              ADV. No. _____

Darrell and Judy Marcusen,

       Plaintiff,

v.                                                                             **COMPLAINT**

Robert Glen and Karen Jean Glen,

       Defendants.

TO:    Robert Glen and Karen Jean Glen, and their attorney Paul W. Bucher, Dunlap & Seeger, P.A., 206 South Broadway, Suite 505, P.O. Box 549, Rochester, Minnesota 55903-0549.

COMES NOW, Plaintiffs Darrell and Judy Marcusen ("the Marcusens"), by and through its undersigned attorney, for its Complaint against Robert Glen and Karen Jean Glen ("Debtors"), states and alleges as follows:

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1 and 11 U.S.C. § 523. This proceeding is a core proceeding.

2.    The Debtors voluntarily filed for relief under Chapter 7 of the United States Bankruptcy Code on June 12, 2008.

3. On or about September 1, 2004 the Debtors executed a Promissory Note in the amount of $175,000.00 payable to the Marcusens. The funds were to be used for the construction of a "spec home" on real estate identified as Lot 23 of the Sunny Acres Development, Winona, Minnesota.

4. On or about September 1, 2004 the Debtors secured the $175,000.00 debt to the Marcusens by executing a mortgage against the property legally described as: Lot Twenty-three (23) Block Three (3), Sunny Acres, in Winona County, Minnesota (hereinafter referred to as "the Property"). The Debtors did not record the original mortgage against the Property.

5. The September 1, 2004 Promissory Note was payable to the Marcusens upon sale of the Property.

6. On or about November 1, 2004 the Debtors executed a Promissory Note in the amount of $50,000.00 payable to the Marcusens upon sale of the Property.

7. On or about June 1, 2005 the Debtors obtained a Construction Loan from Winona National Bank in the amount of $160,000.00 secured by a mortgage on the Property.

8. The Debtors obtained the Construction Loan and agreed to a mortgage on the Property in favor of Winona National Bank without informing the Marcusens.

9. On or about July 25, 2007 the Debtors sold the Property for $176,000.00, the proceeds of which were used to pay off the Construction Loan from Winona National Bank.

10. Despite demanded payment of the Promissory Notes dated September 1, 2004 and November 1, 2004 the Debtors have refused to make payments on the notes.

11. The Debtors' silence and/or omissions relative to obtaining the Marcusens consent to the Promissory Note in the amount of $175,000.00 dated September 1, 2004 were material and the Debtors' conduct was intentional for purposes of deceiving the Marcusens.

12. The Debtors' silence and/or omissions relative to obtaining the Marcusens consent to the Promissory Note in the amount of $50,000.00 dated November 1, 2004 were material and the Debtors' conduct was intentional for purposes of deceiving the Marcusens.

13. The Debtors obtained advances in the amount of $175,000.00 on the Promissory Note dated September 1, 2004 with the intent to deceive the Marcusens.

14. The Debtors obtained advances in the amount of $50,000.00 on the Promissory Noted dated November 1, 2004 with the intent to deceive the Marcusens.

15. The Debtors committed actual fraud when executing the Promissory Notes dated September 1, 2004 and November 1, 2004 in that despite the fact that the agreements required repayment of the Promissory Notes upon sale of the Property, the Debtors only intended to repay the Promissory Notes if the Property was sold at a profit as determined by the Debtors.

16. The Marcusens reasonably relied on the Debtors' false pretenses and omissions when they extended credit to Debtors in the amount of $225,000.00.

17. As a result the Marcusens have been damaged in the amount of approximately $397,472.89 plus interest, attorneys' fees and costs as a result of the advances made to Debtors as described in this matter.

18. The Marcusens request payments of their costs and attorneys' fees in this matter.

WHEREFORE, the Marcusens respectfully request this Court to hold the debts owed to the Marcusens be excepted from the Debtors' general discharge pursuant to 11 U.S.C. § 523 (a) (2) (A) and § 523 (a) (2) (B), for interest, costs and attorneys' fees, and for such other relief as is just and equitable.

Dated:  September 30, 2008                         **FOLEY & MANSFIELD, PLLP**

                                                   s/ Lisa M. Lamm
                                                   Lisa M. Lamm (#264313)
                                                   250 Marquette Avenue
                                                   Suite 1200
                                                   Minneapolis, MN  55401
                                                   (612) 338-3788

                                                   Attorneys for Creditors Darrell and Judy Marcusen

**VERIFICATION**

I, Lisa M. Lamm, the attorney for Creditors Darrell and Judy Marcusen in the above-captioned bankruptcy matter, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated:  September 30, 2008            s/ Lisa M. Lamm
                                      Attorney for Creditors